■ CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant, v. GEORGE OWENS et al., Respondents.— Appeal from an order of the Supreme Court, Ulster County Special Term which confirmed the report of commissioners of appraisal in a condemnation proceeding instituted by appellant Central Hudson Gas & Electric Corporation. Appellant acquired in fee a parcel of 4.36 acres, in a strip of land 100 feet wide and 1,900 feet long. Such strip bisects the farm of the respondents and runs close to and parallel with the right of way and tracks of the West Shore Division of the New York Central Railroad. In its petition for condemnation the appellant purported to reserve a certain easement to respondents in the following language: "Reserving to George Owens and Mary E. Owens, their heirs and assigns, as owners of the premises, an easement or right of way over and across the above premises in connection with the presently existing crossing over the tracks of the West Shore Division of the New York Central Railroad Company, for the purpose of passing and repassing,

without any obligation or duty on the part of Central Hudson Gas & Electric Corporation, its successors, assigns or lessees, to construction or maintain such easement or right of way; provided, however, *that the exercise of said easement and right of way shall in no way interfere with the use or or endanger the facilities installed on the above described premises* by Central Hudson Gas & Electric Corporation, its successors, assigns or lessees, for its or their corporate purposes." (Emphasis supplied.) Without resorting to arguments or admissions made by the appellant in the proceeding below it is obvious from the language cited that the right of way reserved may be cut off in installations of the appellant. However, it may be said that Special Term, when the language of the reservation was attacked by respondents, held that the value and extent of right of way may of course be affected, but such was a matter to be considered by the commissioners in assessing damages. Moreover it is a fundamental proposition of law that the commissioners were bound to consider the possibility of any use by appellant which can be justified by the taking, and hence they were bound to consider that installations of appellant might eventually result in depriving respondents of a right of way from one part of their farm to another. An award of $6,600 was made and presumably included consequential damage to that portion of premises not acquired by appellant. Respondents were not obliged to wait until the right of way was actually impeded or cut off. The mere possibility that such eventuality might occur adversely affected the value of the premises not taken. Order affirmed, with $10 costs. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.